COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Willis


MARIA SANCHEZ
                                    MEMORANDUM OPINION*
v.   Record Nos. 1125-03-2 and          PER CURIAM
               1677-03-2             SEPTEMBER 30, 2003

RICHMOND DEPARTMENT OF
 SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       T. J. Markow, Judge

            (Craig W. Sampson; Sampson Law Firm, PLC, on
            briefs), for appellant.

            (Kate O'Leary; Janet Moran, Guardian ad litem
            for the infant children; Office of the City
            Attorney, on brief), for appellee.


     Maria Sanchez (mother) appeals decisions of the trial court

terminating her parental rights to her children K.S. and J.S.,

pursuant to Code § 16.1-283(C).  On appeal, appellant contends

the evidence was insufficient to support the termination.  We

disagree.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                          BACKGROUND

     We view the evidence in the light most favorable to the

prevailing party below and grant to it all reasonable inferences

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

fairly deducible therefrom.  See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

So viewed, the evidence established mother suffers from bi-polar disorder, for which her treating psychiatrist has prescribed psychotropic medications.

In August 2001, mother called the Richmond Department of Social Services (the Department) and indicated she was unable to care for one-year-old K.S. and two-month-old J.S.  A Department representative reported to mother's residence and noted the home was in a state of disarray.  The juvenile court ordered the children's removal and shortly thereafter mother admitted herself to a psychiatric ward.

The Department filed initial foster care plans for the two children with the goal of return home.  Mother was ordered to attend parenting classes, maintain adequate and appropriate housing, secure employment, and participate in regular visitation with her children.

During the March 18, 2003 termination hearing before the circuit court, psychiatrist Dr. Alice Jesudian testified she had been working with mother during the previous eighteen months. She stated that during that time mother consistently failed to comply with her treatment.  She explained mother's condition is treatable but can only be controlled if mother takes her medications regularly as prescribed.  Mother would also require

therapy to address her behavioral difficulties, which include impulsiveness and an inability to delay gratification.

Mary Fulchum Woolridge acted as mother's mental health counselor for eight months. She explained mother required constant reinforcement and prompting to make appointments for parenting skills classes. Woolridge provided mother with transportation to appointments, weekly medication delivery, and weekly in-home visits. On a number of occasions, Woolridge found the apartment filthy and unsuitable for habitation, with animal feces on the floor and food scattered throughout the residence.

During the time the children have been in foster care, mother remained unemployed from August 2001 until September 2002. She then participated in a Goodwill job-training program for less than one month. At the time of the termination hearing, mother was working as an exotic dancer. She admitted her recent employment had been sporadic and that up to a month could pass between jobs.

Following a September 12, 2002 permanency planning hearing in which she became verbally abusive, the court sentenced mother to four days in jail and ordered her to participate in and complete anger management classes. As of the time of the termination hearing, mother had not attended such classes.

Court psychologist Caroline Campbell supervised mother's visitations with her children beginning in September 2002.

Campbell testified mother repeatedly failed to arrive for visitation at the scheduled times and failed to maintain contact with her, at times for several weeks.

Mother was arrested four times for assault while the children were in foster care. She specified at trial that she "would feel more comfortable that J.S. stay" with his foster mother and that she was not hoping to get her daughter back immediately. On appeal, she asserts "that her health, behavior, and motivation to regain custody of her children had greatly improved in the months prior to the hearing."

## Analysis

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, (1) that the termination is in the best interests of the child, (2) that "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) that, despite those services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care."

We are mindful of the principle that "[t]he termination of residual parental rights is a grave, drastic and irreversible action," Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), but we

"'presume[] [the trial court has] thoroughly weighed all the evidence [and] considered the statutory requirements,'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)).

The Department proved by clear and convincing evidence that appellant, without good cause, failed "to substantially remedy" the conditions "which led to or required continuation of the child's foster care placement" within a reasonable period of time.

The children entered foster care because mother was unable to parent them and provide them with a clean, safe environment. Twenty months after their placement in foster care, mother was still unable to provide for her children. The evidence demonstrated she did not consistently take her medication, she was unable to maintain consistent employment or suitable housing, and she was unable to complete parenting and anger classes.

Despite her contention that she had "greatly improved" in the months before trial, she was arrested for assaulting her roommate during this time and she failed to maintain contact with her children or with the Department. She also admitted she was not then prepared to care for both her children. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent

will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Mother has not provided a stable environment for the children, and she has been unable to address her lack of parenting skills.  "The trial court's judgment, 'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted).  The record supports the trial court's finding that the Department presented clear and convincing evidence satisfying the statutory requirements of Code § 16.1-283 and establishing that termination of mother's parental rights is in the children's best interests.

Accordingly, we summarily affirm the decisions of the trial court.  See Rule 5A:27.

Affirmed.